## OGDEN v. UNITED STATES.
### Civ. No. 1235.

District Court, E. D. Arkansas, W. D.
July 2, 1946.

Rose, Loughborough, Dobyns & House, and Baucum Fulkerson, all of Little Rock, Ark., for plaintiff.

Gordon Frierson, Asst. U. S. Atty., of Little Rock, Ark., for defendant.

LEMLEY, District Judge.

The Court having heard and considered the evidence in the above-entitled cause, doth make the following findings of fact and conclusions of law:

### Findings of Fact

I. Ben C. McGehee died on April 27, 1931. The Peoples National Bank of Little Rock, Arkansas, was appointed administrator in succession of his estate on January 22, 1935, and served as such administrator until discharged by the Pulaski Probate Court on April 14, 1941. The plaintiff, Fanny Rose McGehee Ogden, was the sole heir at law of Ben C. McGehee, deceased, and all assets were turned over to her prior to the discharge of the Peoples National Bank, administrator. Among assets of the estate of Ben C. McGehee which came into the hands of the said administrator were 211 shares of common stock of the Stewart-McGehee Construction Company, of the value of $59,948.70. The other stockholders were as follows:

| Owners | Shares |
| --- | --- |
| Abner McGehee | 33 |
| George Harvey | 5 |
| Rose Dickinson McGehee | 1 |

On April 26, 1935, stockholders of the Stewart-McGehee Construction Company met for the purpose of dissolving the corporation and providing for the liquidation of its assets. The minutes as the said meeting include the following statement:

"And, whereas, at a meeting of the directors of the corporation held this date, a resolution was adopted that it is deemed most for the benefit of the corporation that it should be dissolved, and this meeting was called for that purpose, and to dispose of the assets of the corporation for the purpose of liquidation:

"Now, Therefore, Be It Resolved:

"That all of the assets of the corporation, of whatever kind and character, be transferred to the Peoples National Bank of Little Rock, Arkansas, as Trustee, for the purpose of liquidation and distribution of the proceeds thereof among the stockholders in this corporation; and George S. Harvey is hereby appointed to make and execute, in the name of the corporation, all necessary bills of sale, transfers, endorsements of negotiable paper, and to do all other acts necessary to transfer full legal title and possession of all of the assets of the corporation to said Peoples National Bank, Trustee. The terms of said trust shall be:

"(1) It shall be in force for the period of ten years from this date, subject to prior termination at any time on written direction to the Trustee of a majority in value of the stockholders, their heirs or assigns, interested in the assets in the hands of the Trustee.

"(2) The Trustee shall have all the powers necessary to accomplish liquidation of the assets transferred to it, including the

power to sell, exchange, rent, or otherwise dispose of, for such consideration as it seems satisfactory, any of the trust property, at such time and on such terms as it deems best; and it shall have power to reinvest the proceeds of any sale or income from the trust property, in its discretion, including power to buy any preferred stock of McGehee Hotel Company.

"(3) The Trustee shall make distribution to the stockholders, their heirs, or assigns, of money or of said property in kind, in its discretion; but it shall distribute any part or all at any time when directed to do so by a majority in interest of the beneficial owners of the assets in its hands or their heirs or assigns. * * * and,

"Whereas, the corporation has ceased active business and has transferred all of its property to a trustee to be liquidated, and there is no occasion for its continued corporate existence:

"Now, Therefore, Be It Resolved:

"That the Corporation, Stewart-McGehee Construction Company, be dissolved, and that a copy of this resolution, together with a list of the names and residences of the directors and officers, certified by the President and Secretary, be filed with the Secretary of State, in duplicate originals, and one copy thereof, bearing the filing marks of the Secretary of State, be filed for record in the office of the County Clerk for Pulaski County, Arkansas, that being the county in which the office or principal place of business of the corporation is located. * * *"

In pursuance of the above resolution, the corporation was dissolved and a certificate of dissolution was filed with the Secretary of State, and the assets were turned over to the bank under the Declaration of Trust which is included in the above-quoted resolution.

II. Among the assets of the Construction Company which came into the hands of the Peoples National Bank, as trustee, were 1,890 shares of common stock of the McGehee Hotel Company. Among the assets which came into the hands of the Peoples National Bank, as administrator of the estate, were 1,973 shares of common stock of the McGehee Hotel Company. By 1939 the administrator had purchased an additional 276 shares, at which time the bank, as trustee, and the bank, as administrator, became the only stockholders of the Hotel Company, since the total number of outstanding shares was 4,139.

III. The principal asset of the McGehee Hotel Company was the Ben McGehee Hotel in Little Rock, Arkansas. The Hotel Company sold this hotel to the Lamark Company in January, 1933, for $575,000. Of this amount $25,000 was paid in cash and the Lamark Company assumed the Hotel Company's indebtedness to the Metropolitan Life Insurance Company in the amount of $296,250, and also issued 76 promissory notes payable to the order of the McGehee Hotel Company for the balance of $253,750. These 76 notes matured over a period of 19 years, according to the following schedule:

Notes Nos. 1 through 16, each in the amount of $2,500, the first due April 1, 1933—the 16th due January 1, 1937;

Notes Nos. 17 and 18, each in the amount of $6,150, the 17th due April 1, 1937—the 18th due July 1, 1937;

Notes Nos. 19 and 20, each in the amount of $5,000, the 19th due October 1, 1937—the 20th due January 1, 1938;

Notes 21 through 40, each in the amount of $2,500, the 21st due April 1, 1938—the 40th due January 1, 1943;

Notes Nos. 41 through 72, each in the amount of $3,750, the 41st due April 1, 1943—the 72nd due January 1, 1951;

Notes Nos. 73 through 76, each in the amount of $5,362.50, the 73rd due April 1, 1951, and the 76th due January 1, 1952.

The Lamark Company executed a deed of trust securing the payment of these notes, conveying not only the McGehee Hotel but also, as additional security, the mortgagor's interest in two other Little Rock hotels. This deed of trust was dated January 26, 1933.

IV. The estate of Ben C. McGehee was the principal creditor in this transaction as is shown above. The assets of the Construction Company, aside from the Hotel Company's stock, consisted of negotiable securities and cash.

V. The affairs of both the Construction Company trust and the estate of Ben C. McGehee were administered by two officers of the Peoples National Bank; W. E. Lenon, president, and E. B. Stokes, trust officer. All of the decisions respecting the management of both the trust and the estate were made by these two men.

VI. After the dissolution of the Construction Company, which took place two years after the sale of the hotel, these officers of the bank decided to retain most of the assets of the Construction Company as a reserve or contingent fund to be used to operate the hotels in the event the Lamark Company defaulted on its notes and it became necessary for the Hotel Company to foreclose the deed of trust and to purchase at the foreclosure sale. Nevertheless, some distributions to the former stockholders were made out of capital from the assets of the Construction Company during the years 1935 through 1939, as follows:

| 1935 | $ 7,574.07 |
| 1936 | 11,627.04 |
| 1937 | 3,510.08 |
| 1938 | 8,342.37 |
| 1939 | 4,791.70 |
| | $35,845.26 |

VII. The Lamark Company made arrangements to refinance its indebtedness to the Hotel Company in the early part of 1939. When this occurred, Messrs. Lenon and Stokes, after consulting with W. B. Frazee, an accountant, determined that they would distribute all the assets and complete the liquidation of the trust by the end of 1940, and this was subsequently done. The last two distributions, totaling $43,551.69, were made in 1940 and a capital gain of $19,448.25, was realized by the taxpayer as a result of them. The last of these distributions placed the last of the trust assets in the hands of the Construction Company's former stockholders.

VIII. The income tax return for the Stewart-McGehee Construction Company trust for the year 1940 was marked "Charter surrendered. Complete liquidation started 1939, completed 1940." All previous returns from 1935 to 1939, inclusive, had been marked "In liquidation". The

taxpayer has reported the gain realized by the two distributions in 1940 in her income tax return as a long-term capital gain and paid the tax accordingly.

IX. On October 16, 1941, the acting internal revenue agent in charge of the Oklahoma Division sent the taxpayer a notice that a deficiency of $1,219.29 appeared in the estate's 1940 taxes. The taxpayer paid all of the deficiency under protest, except the amount of $69.79, which amount was conceded. The remainder, or $1,149.60, was protested on the ground that the agent erroneously refused to consider the gain realized by the taxpayer from the distributions in 1940 as a long-term capital gain. After the hearing before the Internal Revenue Agent in charge the commissioner assessed a deficiency in the sum of $1,219.39. The deficiency was paid July 10, 1942, by the plaintiff.

X. The resolution of the stockholders of April 26, 1935, constituted a bona fide resolution for complete liquidation, but was not adopted or begun within the time limit fixed by the law then in effect so as to entitle plaintiff to have the gain as a long-term gain.

## Conclusions of Law

I. The distribution in 1940 was not sufficient in itself to constitute compensation for the stock; it was one of a series of distributions in cancellation or redemption of all the stock, as provided in subsection (i) of Section 115 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1058, and also in part payment in exchange for the stock, as provided in subsection (c) of the said Section 115.

II. The determination or decision of the representatives of the Peoples National Bank in 1939, to complete the liquidation of the assets in redemption or payment of the stock did not constitute a bona fide plan for complete liquidation within the meaning of Section 115 (c) of the Revenue Act of 1938.

III. The distribution made in the year 1940 was taxable on a basis of 100 per cent as a short-term capital gain, under the provisions of the law controlling at that time.